UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN GLENN, #195862,

       Petitioner,

                              CASE NO. 2:11-CV-12759
v.                               HONORABLE SEAN F. COX

LLOYD RAPELJE,

       Respondent.
                                 /

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE, DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Marvin Glenn ("Petitioner"), through counsel, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner pleaded guilty to assault with intent to rob while unarmed, MICH. COMP. LAWS § 750.88, and two counts of resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81(D)(1), in the Oakland County Circuit Court and was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 15 to 40 years imprisonment on the assault conviction and concurrent terms of 5 to 15 years imprisonment on the resisting and obstructing convictions.  In his petition, Petitioner contests the voluntariness of his plea claiming that the trial court erred in making a jury instruction ruling and that he would not have otherwise pleaded guilty. The matter is currently before the Court on Petitioner's *pro se* motion for a stay and abeyance of his

1

habeas proceedings so that he can exhaust additional claims concerning the effectiveness of trial and appellate counsel in the state courts. For the reasons stated, the Court denies Petitioner's motion for a stay and abeyance and instead dismisses without prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.      Facts and Procedural History

Petitioner's convictions arise from his April 11, 2008 attempted robbery of a restaurant and assault upon a restaurant employee in Madison Heights, Michigan and his concomitant flight from police with a co-defendant. On August 28, 2008, the day set for trial, the trial court denied the defense request for jury instructions on attempted armed and attempted unarmed robbery. Petitioner then pleaded guilty to the aforementioned offenses in the Oakland County Circuit Court in exchange for the dismissal of an armed robbery charge. On September 23, 2008, the date set for sentencing, Petitioner, through counsel, verbally moved to withdraw his plea asserting that it was involuntary due to the jury instruction ruling. The trial court denied the motion and imposed sentence.

On March 20, 2009, Petitioner, through counsel, filed a written motion to withdraw his plea on the same basis. Petitioner states that he also filed a *pro se* supplement raising additional claims concerning the state trial court's jurisdiction, the validity of his plea (several grounds), and the effectiveness of trial counsel. On June 24, 2009, the trial court denied the motion. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the involuntary plea claim, as well as a sentencing claim. The Michigan Court of Appeals denied leave to appeal. *People v. Glenn*, No. 295678 (Mich. Ct. App. Feb. 2, 2010) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising those same two claims, as well as claims concerning the conditional nature of his plea and the effectiveness of trial counsel.

The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Glenn*, 486 Mich. 1048, 783 N.W.2d 374 (June 28, 2010).

Petitioner, through counsel, filed his federal habeas petition on June 24, 2011. Petitioner filed his *pro se* motion for stay and abeyance on September 23, 2011. In the motion, he states that he filed a motion for relief from judgment with the state trial court raising claims of ineffective assistance of trial and appellate counsel on September 13, 2011. Respondent has not yet answered the petition nor filed a reply to the motion.

### III. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has a motion for relief from judgment pending in state

3

court concerning the convictions at issue. Petitioner must complete the state court process before seeking habeas relief in federal court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present the claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition is warranted under such circumstances.

Petitioner asks the Court to stay his habeas proceedings and hold his petition in abeyance while he exhausts his additional claims in the state courts. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem,

4

it does not. The one-year period does not begin to until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, _, 129 S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The Michigan Supreme Court denied leave to appeal on June 28, 2010 and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later – on or about September 26, 2010. Petitioner filed his federal habeas petition on June 24, 2011. Thus, approximately three months of the one-year period remains. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that three months of the one-year period remains, Petitioner has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so.

Thus, even assuming that Petitioner has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking federal habeas relief, he has not shown the need for a stay. Lastly, his unexhausted claims concern matters of federal law which do not appear to be "plainly meritless." The state courts should be given a fair opportunity to rule upon those claims. Given the foregoing circumstances, a stay and abeyance is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner may not maintain a federal habeas action while he has claims pending in state court concerning the convictions at issue and that a stay of the proceedings is unwarranted. Accordingly, the Court **DENIES** Petitioner's motion for a stay and abeyance and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.[1] The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal

---

[1] Given the Court's ruling, the Court shall also DENY AS MOOT Petitioner's Motion for Leave to Terminate Retained Counsel. (Docket Entry No. 5).

cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

                      S/Sean F. Cox
                      Sean F. Cox
                      United States District Judge

Dated: October 24, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2011, by electronic and/or ordinary mail.

                      S/Jennifer Hernandez
                      Case Manager